IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL JOHN THORPE                                                           PLAINTIFF

V.                                    CASE NO. 5:18-CV-5052

BLAKE WEBB, in his individual
and official capacities                                                        DEFENDANT

ORDER

Currently before the Court is a Motion for Summary Judgment (Doc. 21) filed by Defendant Blake Webb ("Chief Webb"). After reviewing the evidence, the Court gives notice pursuant to Rule 56(f)(2) of a potentially dispositive basis for granting summary judgment that was not raised in the parties' briefing. Plaintiff Michael John Thorpe ("Mr. Thorpe") was not an owner or resident of the home in question. Consequently, the Court questions whether Mr. Thorpe has standing to assert that *his* Fourth Amendment rights were violated when Chief Webb entered the home in question.

The parties are directed to Mr. Thorpe's deposition where he testified that ownership of the property was held in the name of his and his wife's business entity, MSD Properties, Inc. (Doc. 38, p. 78).[1] More to the point though, Mr. Thorpe further testified that the four buildings on the subject property were occupied by separate tenants. Mr. Thorpe's 24-year-old son, Sean, lived at the particular residence in question—14956 West Highway 12 in Highfill, Arkansas. Sean made a home there with his (now) wife,

---

[1] According to the Arkansas Secretary of State's website, this entity may be more properly known as MST Properties, LLC. Arkansas Secretary of State, https://www.sos.arkansas.gov/corps/search_corps.php?DETAIL=391291&corp_type_id=&corp_name=MST&agent_search=&agent_city=&agent_state=&filing_number=&cmd= (last visited Feb. 5, 2020).

1

Shannon, and Shannon's infant daughter. *Id.* at 16–17. To be clear, Mr. Thorpe did not reside with Sean's family in Highfill, but rather at his own home several miles away in Bentonville. *Id.* at 9.

On March 22, 2015, the extended Thorpe family gathered at Sean and Shannon's home to celebrate the occasion of Shannon's daughter's first birthday. *Id.* at 17. During this gathering some untoward things were apparently said, and a fight broke out between Sean and Shannon's father (and perhaps others). Shannon called the police to request assistance. Chief Webb arrived shortly thereafter and pushed his way inside the home to investigate—but he did so over Mr. Thorpe's vehement objections and protest.

In one of his two claims,[2] Mr. Thorpe contends that *his* Fourth Amendment rights were violated when Chief Webb entered Sean's residence without Mr. Thorpe's consent, a warrant, or exigent circumstances. Chief Webb has moved for Summary Judgment contending that the undisputed facts do not give rise to any constitutional violations. The parties' briefing does not, however, address a more fundamental issue: Does Mr. Thorpe—who did not (directly) own *or* live at the home in question—have standing to bring this claim, regardless of its substantive merit? In other words, the summary judgment record does not readily demonstrate why Mr. Thorpe would have a legitimate expectation of privacy in Sean and Shannon's home. *See, e.g., United States v. Green*, 275 F.3d 694, 698 (8th Cir. 2001) ("Fourth Amendment rights are personal and may not be asserted vicariously"); *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 544-45 (6th Cir. 2003) (holding that "[a]lthough [plaintiff] owned the entire residence, ownership alone does not

---

[2] Mr. Thorpe separately contends that his subsequent arrest was a violation of his Fourth Amendment rights, too.

2

justify a reasonable expectation of privacy"); *U.S. v. Cromer*, 2012 WL 7149434, at *4 (E.D. Mo. July 11, 2012), *report and recommendation adopted*, 2013 WL 593513 (E.D. Mo. Feb. 15, 2013) ("[D]efendant has no standing to challenge the entry into the auction barn because defendant leased this building and it was used exclusively by [the lessee]"); *U.S. v. Cruz*, 475 F. Supp. 2d 2509, 252-53 (W.D.N.Y. 2007) ("The fact that Cruz allegedly owned the premises does not itself justify a reasonable expectation of privacy.").

Accordingly, the Court directs the parties to simultaneously file supplemental briefing to address this issue. Such briefing is due no later than February 14, 2020.

**IT IS SO ORDERED** on this 6th day of February 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE